IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:14-CV-243-BR

| | | |
|---|---|---|
| DAVID C. SUTTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| THE NORTH CAROLINA STATE BAR, et al., | ) ) ) | |
| Defendants. | ) | |

This matter is before the court on plaintiff's *ex parte* motion for a temporary restraining order. (DE # 19.)

By way of background, in April 2013, the North Carolina State Bar ("State Bar') initiated disciplinary proceedings against plaintiff, an attorney admitted to practice in this state, asserting six claims of misconduct. (Am. Compl., DE # 2, ¶¶ 18, 28.) In December 2013, the State Bar added five more claims against plaintiff. (Id. ¶ 28.) Mary Winstead and Carmen Bannon, Deputies Bar Counsel, are prosecuting the claims against plaintiff on behalf of the State Bar. (Id. ¶¶ 24-25, 29.) Plaintiff's disciplinary hearing is currently scheduled to begin on 5 May 2014, before the State Bar's Disciplinary Hearing Commission ("DHC") members Fred Morelock, Irvin Hankins, and Karen Ray. (Id. ¶¶ 20-23, 117.)

On 23 April 2014, plaintiff initiated this action against the State Bar, the DHC, "the head of the Disciplinary arm of the State Bar," a State Bar investigator, Winstead, Bannon, Morelock, Hankins, and Ray. (Compl., DE # 1, ¶¶ 19-27.) The following day, plaintiff amended his complaint. (DE # 2.) He alleges that in the course of the disciplinary proceedings against him, defendants violated, and conspired to violate, his civil rights and asserts claims pursuant to 42

U.S.C. §§ 1983, 1985, and 1988.  Plaintiff seeks declaratory and injunctive relief and monetary damages.  On 28 April 2014, plaintiff submitted completed summonses, which the Clerk issued the same day.  (DE ## 4-13, 16.)  Also, that same day, plaintiff filed a motion to enjoin the State Bar or, alternatively, for declaratory relief.  (DE # 14.)  On 29 April 2014 at 4:49 p.m., plaintiff filed the instant motion with plaintiff's affidavit in support thereof.[1]

Rule 65 of the Federal Rules of Civil Procedure governs awards of injunctive relief.  *Ex parte* injunctive relief may issue only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1).  Furthermore, the movant must satisfy the same requirements for issuance of a preliminary injunction, see U.S. Dept. of Labor v. Wolf Run Mining Co., Inc., 452 F.3d 275, 281 n.1 (4th Cir. 2006), namely, "(1) 'a clear showing that it will likely succeed on the merits'; (2) 'a clear showing that it is likely to be irreparably harmed absent preliminary relief'; (3) the balance of equities tips in favor of the moving party; and (4) a preliminary injunction is in the public interest," United States v. South Carolina, 720 F.3d 518, 533 (4th Cir. 2013) (citation omitted).  "An ex parte [temporary restraining order] is only appropriate where the applicant would face irreparable harm so immediate that it would be improper to wait until after a preliminary injunction hearing to enjoin the non-movant's conduct." Erard v. Johnson, 905 F. Supp. 2d 782, 791 (E.D. Mich. 2012) (citations omitted).

---

[1] The court notes that plaintiff did not file a supporting memorandum as required by Local Civil Rule 7.2(d).

Plaintiff requests that the court enjoin the "State Bar from conducting a disciplinary hearing until such time as the Court can hear and decide the Constitutional claims therein." (Mot., DE # 19, at 2.) The court declines to award such relief *ex parte*. Despite plaintiff's representation that he "recently discovered" "[m]any of the Constitutional allegations," (Mot. to Enjoin, DE # 14, at 2), the vast majority of the acts about which plaintiff complains occurred over one month ago. In fact, plaintiff's disciplinary hearing was originally set for September 2013. (Am. Compl., DE # 2, ¶ 48.) Plaintiff states that "[t]hough [he] has attempted to give all Defendants notice, in [his] opinion, it would be difficult, if not impossible, to have all Defendants appear in Federal Court (with counsel) between now and May 5, 2014." (Pl. Aff., DE # 19-1, ¶ 2.) The court agrees with plaintiff's opinion. However, the reason for that difficulty is plaintiff's decision to wait until three business days before the disciplinary hearing to file the instant motion. While plaintiff claims that he will suffer irreparable harm unless the court orders *ex parte* relief, (id. ¶ 3), plaintiff cannot show that such harm is immediate given his delay in seeking such relief. Furthermore, in terms of likelihood of success, it is unlikely the court will even reach the merits of plaintiff's underlying claims. See Allstate Ins. Co. v. W. Va. State Bar, 233 F.3d 813, 816-21 (4th Cir. 2000) (affirming the district court's dismissal of complaint asserting constitutional claims against a state bar for lack of subject matter jurisdiction based on the *Rooker-Feldman* doctrine); Gilbert v. N.C. State Bar, 660 F. Supp. 2d 636, 643-49 (E.D.N.C. 2009) (pursuant to Younger v. Harris, 401 U.S. 37 (1971), and its progeny, abstaining from and dismissing the plaintiff attorney's constitutional claims seeking injunctive relief against the State Bar, staying the balance of the claims seeking monetary damages, and denying the plaintiff attorney's motions for temporary restraining order and preliminary injunction).

3

Plaintiff's *ex parte* motion for a temporary restraining order is DENIED.

This 30 April 2014.

                                 _____
                                         W. Earl Britt
                                         Senior U.S. District Judge

4