IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:14-CV-243-BR

| | | |
|---|---|---|
| DAVID C. SUTTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| THE NORTH CAROLINA STATE BAR, et al., | ) ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on various motions.

## I. BACKGROUND

In April 2013, the North Carolina State Bar ("State Bar") filed a complaint against plaintiff, an attorney admitted to practice in this state, alleging violations of the North Carolina Rules of Professional Conduct. Mary Winstead and Carmen Bannon, Deputies Bar Counsel, are prosecuting the claims of misconduct against plaintiff. Plaintiff's disciplinary hearing occurred on 5-9 May and 9-11 June before the State Bar's Disciplinary Hearing Commission ("DHC") members Fred Morelock, Irvin Hankins, and Karen Ray (collectively the "DHC Panel"). (DE # 70-2, at 1.)[1] On July 18 2014 (corrected on 8 August 2014), the DHC Panel concluded that plaintiff had violated the Rules of Professional Conduct in a number of respects. (Id. at 15-17.) The hearing is set to reconvene 16-18 September 2014, (DE # 67-9), to consider any evidence regarding what discipline, if any, to impose against plaintiff, (DE # 73-4).

During the pendency of these disciplinary proceedings, on 23 April 2014, plaintiff

---

[1]Page citations are to those generated by cm/ecf.

initiated the instant action against the aforementioned parties as well as "head of the Disciplinary arm of the State Bar," Katherine Jean, and State Bar investigator Wayne Truax. The following day, plaintiff amended his complaint as of right, and he alleges that in the course of the disciplinary proceedings against him, defendants violated, and conspired to violate, his civil rights and asserts claims pursuant to 42 U.S.C. §§ 1983, 1985, and 1988. (DE # 2.) Plaintiff seeks declaratory and injunctive relief and monetary damages.

On 28 April 2014, plaintiff filed a motion to enjoin the State Bar from commencing the disciplinary hearing against him or, alternatively, for declaratory relief. (DE # 14.) The following day, plaintiff filed an *ex parte* motion for a temporary restraining order, requesting that the court enjoin the State Bar from conducting the disciplinary hearing against him. (DE # 19.) On the next day, plaintiff filed a motion for preliminary injunction, seeking relief "for the reasons set forth in his ex parte motion for temporary restraining order." (DE # 20, at 2.) That same day, the court denied plaintiff's motion for a temporary restraining order, (DE # 21), and plaintiff then filed a motion for an expedited hearing on his motion for a preliminary injunction, (DE # 22). On 2 May 2014, the court denied the motion for an expedited hearing. (DE # 24.)

In the meantime, plaintiff effected service on defendants. On 17 June 2014, the State Bar, Winstead, Bannon, Truax, and Jean (collectively the "State Bar defendants") filed a motion to dismiss. (DE # 46.) On 23 June 2014, the DHC and the DHC Panel (collectively the "DHC defendants") filed a motion to dismiss. (DE # 50.) On 21 July 2014, plaintiff filed a motion for leave to file a second amended complaint to amend his allegations of bad faith against the State Bar and to assert a claim of slander against the State Bar and Winstead. (DE # 57, at 2.)

In sum, the following motions are pending before the court: (1) plaintiff's motion to

enjoin the State Bar or, alternatively, for declaratory relief; (2) plaintiff's motion for a preliminary injunction; (3) the State Bar defendants' motion to dismiss; (4) the DHC defendants' motion to dismiss; and (5) plaintiff's motion for leave to file a second amended complaint. These motions have been fully briefed and are ripe for disposition.[2]

## II. DISCUSSION

At the outset, before considering any of the pending motions, the court finds it necessary to address the capacities in which plaintiff sues the individual defendants. The capacities in which defendants are sued impacts such issues as whether the defendants may be protected by immunity from suit and what damages may be recovered. Plaintiff's amended complaint does not expressly state whether he sues the defendants in their official and/or individual capacities. Defendants raise the issue of capacity in their memoranda in support of their motions, (DE # 49, at 2 n.2, 21 n.11; DE # 51, at 2 n.1), yet in his response in opposition, plaintiff does not address the issue nor does he attempt to refine his allegations via the motion for leave to file a second amended complaint. Under these circumstances and contrary to defendants' suggestion, the court cannot presume that a defendant has been sued only in his or her official capacity. See Biggs v. Meadows, 66 F.3d 56, 59-60 (4th Cir. 1995) (rejecting presumption applied by minority of Circuits that "where a § 1983 complaint is silent as to capacity, it is presumed that a defendant has been sued only in her official capacity"). Rather,

> the court must examine the nature of the plaintiff's claims, the relief sought, and the course of proceedings to determine whether a state official is being sued in a personal capacity. One factor indicating that suit has been filed in such a manner might be the plaintiff's failure to allege that the defendant acted in accordance

---

[2]Defendants' motions to stay the order for a discovery plan, (DE ## 61, 63), are also pending, having been referred to Magistrate Judge James E. Gates.

> with a governmental policy or custom, or the lack of indicia of such a policy or custom on the face of the complaint. *See Hill v. Shelander*, 924 F.2d 1370, 1374 (7th Cir. 1991) (finding a personal capacity claim where "the unconstitutional conduct alleged involves [the defendant's] individual actions and nowhere alludes to an official policy or custom that would shield him from individual culpability"); *see also* [*Conner v. Reinhard*, 847 F.2d 384, 394 n.8 (7th Cir. 1988)]. Another indication that suit has been brought against a state actor personally may be a plaintiff's request for compensatory or punitive damages, since such relief is unavailable in official capacity suits. *See, e.g., Shabazz v. Coughlin*, 852 F.2d 697, 700 (2d Cir. 1988); *Pride v. Does*, 997 F.2d 712, 715 (10th Cir. 1993); [*Price v. Akaka*, 928 F.2d 824, 828 (9th Cir. 1990)]; [*Gregory v. Chehi*, 843 F.2d 111, 119–20 (3rd Cir. 1988)]; *Hill*, 924 F.2d at 1374. The nature of any defenses raised in response to the complaint is an additional relevant factor. Because qualified immunity is available only in a personal capacity suit, *Kentucky v. Graham*, 473 U.S. 159, 167, 105 S.Ct. 3099, 3105, 87 L.Ed.2d 114 (1985), the assertion of that defense indicates that the defendant interpreted the plaintiff's action as being against him personally. *See Conner*, 847 F.2d at 394; [*Lundgren v. McDaniel*, 814 F.2d 600, 604 (11th Cir. 1987)]. Throughout, the underlying inquiry remains whether the plaintiff's intention to hold a defendant personally liable can be ascertained fairly.

Id. at 61 (most alterations supplied).

With these considerations in mind, the court concludes that plaintiff sues the defendants in their individual capacities. Plaintiff's amended complaint specifies that he seeks monetary damages against Morelock, Bannon, Winstead, and Jean (in addition to the State Bar and DHC). (Am. Compl., DE # 2, at 34.) The individuals affiliated with the State Bar raise the defense of prosecutorial immunity, (Mem., DE # 49, at 20), and the DHC Panel raises the defense of judicial immunity, (Mem., DE # 51, at 28). These circumstances support the conclusion that plaintiff seeks to hold the individuals personally liable.

Turning to the substance of plaintiff's civil rights claims, all defendants contend that the

4

claims should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. In reviewing a motion to dismiss on this ground, a court assesses the factual and legal sufficiency of the claims. In so doing, a court must "accept[] all well-pled facts as true and construe[] these facts in the light most favorable to the plaintiff in weighing the legal sufficiency of the c[laims]." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citing Ashcroft v. Iqbal, 556 U.S. 662, 680 (2009)). However, a court does not accept as true all legal conclusions. Iqbal, 556 U.S. at 678. In reviewing the legal sufficiency of a claim, "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement" will not constitute well-pled facts sufficient to survive a motion to dismiss under Rule 12(b)(6). Nemet, 591 F.3d at 255 (citation omitted).

Defendants initially contend that the court should abstain from exercising jurisdiction over plaintiff's claims, to the extent he seeks injunctive and declaratory relief, pursuant to Younger v. Harris, 401 U.S. 37 (1971). "In *Younger*, the Supreme Court detailed our 'national policy forbidding federal courts to stay or enjoin pending state court proceedings except under special circumstances.'" Nivens v. Gilchrist, 444 F.3d 237, 241 (4th Cir. 2006) (quoting Younger, 401 U.S. at 41). "[T]he *Younger* doctrine is anchored in a 'belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways.'" Id. (quoting Younger, 401 U.S. at 44).

The doctrine applies in only three types of proceedings: (1) "ongoing state criminal prosecutions"; (2) "certain civil enforcement proceedings"; and (3) "pending civil proceedings involving certain orders uniquely in furtherance of the state courts' ability to perform their

5

judicial functions." Sprint Commc'ns, Inc. v. Jacobs, 134 S. Ct. 584, 591 (2013) (internal quotation marks and alteration omitted). State bar disciplinary proceedings, like the one at issue here, fall within the second category. See id. at 592; Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 433-34 (1982); Parent v. New York, 485 F. Appx. 500, 504 (2d Cir. 2012); Hunter v. Va. State Bar, 786 F. Supp. 2d 1107, 1113 (E.D. Va. 2011); Gilbert v. N.C. State Bar, 660 F. Supp. 2d 636, 643-49 (E.D.N.C. 2009). As such, the court proceeds to consider "additional factors," namely whether "[t]here is (1) 'an ongoing state judicial proceeding, which (2) implicates important state interests, and (3) provides an adequate opportunity to raise federal challenges.'" Sprint, 134 S. Ct. at 593 (alteration omitted) (quoting Sprint Commc'ns Co. v. Jacobs, 690 F.3d 864, 867 (8th Cir. 2012) (citing Middlesex, 457 U.S. at 432)). The court agrees with defendants that consideration of these factors supports abstention.

First, plaintiff's State Bar disciplinary proceeding was brought prior to plaintiff's filing of this action and remains pending. For the reasons discussed below, that proceeding is judicial in nature. Second, North Carolina has an important interest in regulating the conduct of attorneys licensed in the state. Gilbert, 660 F. Supp. 2d at 645; see also Baker v. Varser, 82 S.E.2d 90, 95-96 (N.C. 1954) ("The purpose of the statute creating the North Carolina State Bar was to enable the bar to render more effective service in improving the administration of justice, particularly in dealing with the problem of admission to the bar, and of discipling [sic] and disbarring attorneys at law."). Third, plaintiff has an adequate opportunity to raise all constitutional challenges in the course of the disciplinary hearing. Plaintiff claims that his rights to free speech, counsel, and due process, among others, are being violated "without any meaningful chance to litigate these [] issues pre-trial." (Am. Compl., DE # 2, ¶ 17; see also

6

Mem., DE # 17, ¶ 18 ("Plaintiff recognizes that it is infrequent [] for the federal courts to step into an already proceeding civil action. However, it is the court's duty to do so when the proceeding does not afford a litigant a meaningful opportunity to litigate First Amendment issues pre-trial.").) As a general matter, the majority of the members of the hearing panel are authorized to resolve pretrial any motion "which could result in dismissal of the charges or final judgment for either party." 27 N.C. Admin. Code § 1B.0114(j) (2009). Furthermore, "[n]othing in the DHC's enabling statute precludes the DHC from receiving evidence on and adjudicating a constitutional defense in an attorney disciplinary proceeding. See N.C. Gen. Stat. § 84-28.1." Gilbert, 660 F. Supp. 2d at 645. In fact, in plaintiff's State Bar disciplinary proceeding, the DHC Panel requested briefing from the parties on the First Amendment issue. (Resp., DE # 65, ¶ 7.) Although plaintiff points out that the DHC Panel's recent Findings of Fact and Conclusions of Law does not address that issue, (see id. ¶ 10), the Panel still has the opportunity to do so given that the disciplinary proceeding has not concluded. More important, however, is the fact that "even if the DHC does not have the authority to adjudicate constitutional defenses, the North Carolina appellate courts certainly may consider such constitutional defenses." Gilbert, 660 F. Supp. 2d at 645 (citing Ohio Civil Rights Comm'n v. Dayton Christian Sch., Inc., 477 U.S. 619, 629 (1986), among other cases). The court will therefore abstain from exercising jurisdiction unless an exception exists.

    The exceptions to abstention are

> (1) "there is a showing of bad faith or harassment by state officials responsible for the prosecution"; (2) "the state law to be applied in the criminal proceeding is flagrantly and patently violative of express constitutional prohibitions"; or (3) "other extraordinary circumstances" exist that present a threat of immediate and irreparable injury.

7

Nivens, 444 F.3d at 241 (citations omitted). At issue here is whether the "bad faith" exception applies. (See Am. Compl., DE # 2, ¶ 17 ("The Court should hear this case (and not apply *Younger* abstention) because the State Bar is proceeding in 'bad faith' to an egregious degree[.]"); Mem., DE # 17, ¶ 9 ("Abstention should not apply when a prosecutorial agency, (in this case the Bar counsel), that has power to take away the Plaintiff's right to practice law repeatedly acts in bad faith.").)

"Bad faith in this context 'generally means that a prosecution has been brought without a reasonable expectation of obtaining a valid conviction.'" Suggs v. Brannon, 804 F.2d 274, 278 (4th Cir. 1986) (citation omitted). Plaintiff alleges in his amended complaint that the State Bar prosecuted a number of its claims against him in bad faith and complains of the State Bar's "overall bad faith treatment" of him. (Am. Compl., DE # 2, ¶¶ 74-89, 94-113; see also Mem., DE # 17, ¶¶ 9-12.) Additionally, relying on the testimony of defendant Truax, a State Bar investigator, during plaintiff's bar disciplinary hearing, plaintiff seeks leave to amend his amended complaint to assert additional allegations of bad faith, namely that (1) the State Bar proceeded with one claim (i.e., claim eight) against plaintiff knowing that it was not true; (2) there is a "'witch hunt' and/or 'conspiracy' against Plaintiff" and Truax "advised the State Bar to 'back off' but they did not"; and (3) Truax "observed Norm Shackley[, plaintiff's former client,] and could tell he was a 'troubled' man" and defendant Winstead, who is prosecuting plaintiff on behalf of the State Bar, "accused Plaintiff of falsely accusing Mr. Shackley of vandalizing Plaintiff's cars but '[she] had reason to believe [Plaintiff] cut his own tires [and falsely blamed

8

Shackley].'"[3] (Mot., DE # 57, ¶¶ 1-3.)  Having reviewed the voluminous materials that the parties have filed from plaintiff's disciplinary hearing, in particular the DHC Panel's recent Corrected Findings and Conclusions Re: Violations of the Rules of Professional Conduct, (DE # 70-2), the court concludes that the bad faith exception to abstention does not apply.  As in Gilbert, the State Bar did not bring the claims of professional misconduct against plaintiff without a reasonable expectation of obtaining a favorable outcome; rather, the circumstances reflect that plaintiff has mounted a vigorous defense to the claims, to which the State Bar has responded.  See 660 F. Supp. 2d at 645-46.  There being no bad faith, the court will abstain.

The abstention doctrine applies not only to plaintiff's claims to the extent he seeks injunctive relief but also to the extent he seeks declaratory relief.  See Moye v. City of Raleigh, 503 F.2d 631, 634 (4th Cir. 1974) (holding that it is appropriate for court to abstain from issuance of declaratory judgment where such judgment would adjudicate the merits of the plaintiff's defenses in the state proceeding).  Because the court abstains from exercising jurisdiction over plaintiff's claims to the extent he seeks declaratory and injunctive relief, plaintiff's motion to enjoin or, alternatively, for declaratory relief and plaintiff's motion for a preliminary injunction will be denied.  Furthermore, as a result of abstaining from exercising jurisdiction, the court will dismiss plaintiff's claims for injunctive and declaratory relief with prejudice.  See Nivens, 444 F.3d at 247-48 (affirming the district court's dismissal with

---

[3] The court notes that the substance of most of these allegations is already contained in plaintiff's amended complaint. (See Am. Compl., DE # 2, ¶ 71 ("Mr. Truax . . . has said that the proceedings against Plaintiff are a 'witch hunt'; a 'conspiracy' . . . .  He has further stated that he was going to tell the Bar to 'back off.'"); ¶ 81 (alleging witness testimony during depositions does not support the State Bar's claim eight against plaintiff, yet the State Bar still pursued the claim); ¶ 106 (alleging Shackley vandalized plaintiff's property, Truax attended Shackley's "No Contact hearing" (which plaintiff initiated), and Truax "later made the comment that Shackley was 'disturbed'").)

prejudice the appellants' declaratory and injunctive relief claims where the court was abstaining under Younger).

As "*Younger* does not invariably require dismissal of § 1983 damage actions," id. at 248 (internal quotation marks and citation omitted), the court considers plaintiff's claims to the extent that he seeks monetary damages.

> "[A] State is not a 'person' against whom a § 1983 claim for money damages might be asserted." Lapides v. Board of Regents, 535 U.S. 613, 617, 122 S. Ct. 1640, 152 L. Ed. 2d 806 (2002). This same rule applies to state agencies and officials acting in their official capacity. See Will v. Mich. Dep't of State Police, 491 U.S. 58, 71, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989).

Wolfenden v. Long, No. 5:09-CV-00536-BR, 2010 WL 2998804, at *7 (E.D.N.C. July 26, 2010). "Similarly, states and their agencies are not 'persons' for the purposes of 42 U.S.C. § 1985." Barnes v. Penn. Dep't of Corr., 706 F. Supp. 2d 593, 605 (M.D. Pa. 2010) (citation omitted). The State Bar is a state agency, N.C. Gen. Stat. § 84-15; Cunningham v. Selman, 689 S.E.2d 517, 525 (N.C. Ct. App. 2009), of which the DHC is a subsection, Gilbert, 660 F. Supp. 2d at 645. Accordingly, the court will dismiss plaintiff's claims for monetary damages against the State Bar, the DHC, and Morelock, Bannon, Winstead, and Jean in their official capacities.

Additionally, to the extent plaintiff seeks monetary damages against Morelock, Bannon, Winstead, and Jean in their individual capacities, the court concludes that these defendants are immune. "'[Q]uasi-judicial' agency officials whose duties are comparable to those of judges or prosecutors[,] when adequate procedural safeguards exist[,]" are absolutely immune from liability. Ostrzenski v. Seigel, 177 F.3d 245, 249 (4th Cir. 1999) (citation omitted). State bar disciplinary hearings are frequently determined to be judicial in nature, with immunity available to hearing panel members. See, e.g., Brooks v. N.Y. State Supreme Court, Appellate Div. First

10

Dep't, No. 02-CV-4183, 2002 WL 31528632, at *2 (E.D.N.Y. Aug. 16, 2002), aff'd, 76 F. App'x 356 (2d Cir. 2003); Bartoli v. Attorney Registration & Disciplinary Comm'n, No. 97 C 3412, 1998 WL 100246, at *3 n.5 (N.D. Ill. Feb. 24, 1998), aff'd, 202 F.3d 272 (7th Cir. 1999) (table).

Despite plaintiff's argument to the contrary, (see Resp., DE # 65, at 7-15), hearing panels of the DHC are the functional equivalent of judges. They have the power to hold hearings, enter discovery orders, subpoena witnesses and compel their attendance, compel the production of documents, make findings of fact and conclusions of law, and enter orders dismissing complaints and imposing discipline, among others. 27 N.C. Admin. Code § 1B.0109 (2009). Proceedings before hearing panels are conducted "as nearly as practicable with the requirements . . . for trials of nonjury civil causes in the superior courts . . . ." Id. § 1B.0114(n) (2009). Furthermore, adequate procedural safeguards exist under North Carolina law to protect against unconstitutional conduct by the hearing panel. A complaint charging attorney misconduct must be served with a summons and in accordance with the North Carolina Rules of Civil Procedure. 27 N.C. Admin. Code § 1B.0114(b). The charges must be alleged "with sufficient precision to clearly apprise the defendant of the conduct which is the subject of the complaint." Id. § 1B.0114(c). A hearing on the charges must be held. See id. § 1B.0115(d) (2009). Attorneys charged are entitled to the compulsory process for the production of witnesses and evidence. N.C. Gen. Stat. § 84-30. They have the right to be represented by counsel. Id. The hearing panel may only issue an order of discipline against the attorney if the charges of misconduct are established by clear, cogent, and convincing evidence. N.C. Admin. Code § 1B.0114(u). Such an order must contain findings of fact and conclusions of law. Id. An attorney has the right to

11

appeal a final order of the DHC to the North Carolina Court of Appeals. N.C. Gen. Stat. § 84-28(h). Based on the foregoing, the court concludes that Morelock, as a member of the DHC Panel and the only member plaintiff sues for monetary damages, is entitled to quasi-immunity.

Prosecutors are also immune from damages in § 1983 actions for acts undertaken in the course of initiation and presentation of a prosecution. Nivens, 444 F.3d at 250. "This prosecutorial immunity extends to state bar officials performing a disciplinary role." Myers v. North Carolina, No. 5:12-CV-714-D, 2013 WL 4456848, at *4 (E.D.N.C. Aug. 16, 2013) (citations omitted); see also Hunter, 786 F. Supp. 2d at 1112; Wolfenden, 2010 WL 2998804, at *9. Bannon and Winstead, who prosecuted the disciplinary proceeding against plaintiff, and Jean, who apparently supervises Bannon and Winstead, acted in such a capacity and are therefore entitled to immunity.

Finally, the court considers plaintiff's motion to amend. As previously noted, plaintiff seeks leave to amend his amended complaint to state additional factual allegations in support of his contention that the State Bar has acted in bad faith and to assert a claim for slander against the State Bar and Winstead. Because the substance of most of the proposed bad faith allegations are already contained in the amended complaint, supra n.3, and because the court has considered those proposed allegations in conjunction with determining whether to abstain, it would be futile to permit amendment to add these allegations. See Steinburg v. Chesterfield Cnty. Planning Comm'n, 527 F.3d 377, 390 (4th Cir. 2008) ("Of course the general rule is that leave to amend a complaint under Federal Rule of Civil Procedure 15(a) should be freely given, unless 'the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile.'" (citations omitted)). As for the

12

proposed slander claim against the State Bar and Winstead, it too would be futile to permit plaintiff to amend the complaint to assert such a claim. The Eleventh Amendment bars such a claim against the State Bar. <u>Myers</u>, 2013 WL 4456848, at *4. Also, given that the court is dismissing all of plaintiff's federal claims and plaintiff is not diverse in citizenship from Winstead, an independent basis for jurisdiction over that state law claim against Winstead would not exist. Therefore, the court will deny plaintiff's motion to amend.

### III. CONCLUSION

Defendants' motions to dismiss are ALLOWED. Defendants' motions to stay the order for a discovery plan are DENIED as moot. Plaintiff's motions are DENIED. Plaintiff's claims are DISMISSED WITH PREJUDICE. The Clerk is DIRECTED to enter judgment and close this case.

This 12 September 2014.

                                              W. Earl Britt
                                              Senior U.S. District Judge